[Cite as *State v. Mackey*, 2011-Ohio-2651.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 10-CA-74 |
|  | : |  |
|  | : |  |
| MAHOGANY MACKEY | : | O P I N I O N |

Defendant-Appellant



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from Licking County Court of Common Pleas Case No. 09CR649 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 23, 2011 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| BRIAN WALTZ<br>Assistant Prosecuting Attorney<br>20 South Second Street<br>Fourth Floor<br>Newark, Ohio 43055 | ERIN J. McENANEY<br>Burkett & Sanderson, Inc.<br>21 West Church Street<br>Suite 201<br>Newark, Ohio 43055 |

*Edwards, J.*

{¶1} Appellant was indicted on two counts of Trafficking in Crack Cocaine within the vicinity of a juvenile, felonies of the fourth degree, in violation of R.C. 2925.03(A)(1)(C)(4)(b), one count of Possession of Marijuana, a minor misdemeanor, in violation of R.C. 2925.11(A)(C)(3)(a), and one count of Possession of Crack Cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A)(C)(4)(d).

{¶2} On November 17, 2009, a confidential information purchased crack cocaine on two separate occasions from Appellant in front of her children. When Appellant was interviewed by police, she was found to be in possession of a small amount of marijuana. When she was arrested, officers found her to be in possession of .39 grams of crack cocaine. Appellant entered guilty pleas on all counts and was sentenced to terms of one year in prison on each count of Trafficking in Cocaine. A fine of $100 was imposed on the minor misdemeanor Possession of Marijuana count. She also received a sentence of nine months on the Possession of Cocaine count. The sentences were ordered served consecutive to one another for a total term of incarceration of two years and nine months.

{¶3} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth one proposed Assignments of Error.

{¶4} Counsel for Appellant raises the following potential assignment of error:

{¶5} "I. THE TRIAL COURT ERRER (SIC) IN SENTENCING APPELLANT TO A PRISON TERM OF TWO YEARS AND NINE MONTHS."

{¶6} In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶7} Counsel in this matter has followed the procedure in *Anders v. California (1967), 386 U.S. 738*, we find the appeal to be wholly frivolous and grant counsel's motion to withdraw. For the reasons which follow, we affirm the judgment of the trial court:

I

{¶8} In her only assignment of error, Appellant argues the trial court erred in issuing a nunc pro tunc entry which ordered Appellant to serve the sentences on each count to be served consecutive to one another. There are two sentencing entries filed in this case. In the initial sentencing entry filed on April 6, 2011, the Court did not

indicate the sentences on counts 1, 2, and 4 were to be served consecutive to one another. The trial court issued a Nunc Pro Tunc sentencing entry on June 17, 2011, which ordered the sentences on these counts to be served consecutively.

{¶9} At the actual sentencing hearing held on April 6, 2010, the trial court stated, "And on the basis of that report, I will today impose on the first – each of the first two counts terms of one year in the state penitentiary. A $100.00 fine on the third count, marijuana possession. And a nine-month sentence on the crack cocaine charge to run consecutively with each other for a term of two years and nine months."

{¶10} The trial court's judgment entry of April 6, 2011 does not accurately reflect the sentence which was orally imposed. The nunc pro tunc entry did, however, reflect the sentence imposed by the trial court at the sentencing hearing.

{¶11} "Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided. *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19; Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). *State ex rel. Womack v. Marsh* (Ohio, 2011), 2011 WL 251474, 2.

{¶12} "Pursuant to Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." "[C]ourts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth." *State ex rel.*

*Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. "[N]unc pro tunc entries 'are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.' " *Mayer,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288." *State ex rel. DeWine v. Burge* (Ohio, 2011), 2011 WL 251883, 3.

{¶13} "A clerical error or mistake refers to "'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *Cruzado,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown* (2000), 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057." *State v. Miller* (2010), 127 Ohio St.3d 407, 409-410, 940 N.E.2d 924, 927.

{¶14} It is clear the initial sentencing entry did not reflect the sentence imposed by the trial court. The trial court was permitted to issue a nunc pro tunc entry because the first sentencing entry omitted the reference to consecutive sentences. We find the nunc pro tunc entry did correct a clerical error and did not involve a legal decision or judgment. For this reason, Appellant's assignment of error is overruled.

{¶15} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Fairfield County Court of Common Pleas.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/as0407

[Cite as *State v. Mackey*, 2011-Ohio-2651.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MAHOGANY MACKEY | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-74 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the Judgment of the Licking County Court of Common Pleas is affirmed. Counsel's Motion to Withdraw is granted. Costs assessed to appellant.

_____

_____

_____

JUDGES