[Cite as *State v. Collins*, 2013-Ohio-3726.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99111

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEVIN K. COLLINS

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-562160

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 29, 2013

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Hts., OH    44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Marc D. Bullard
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1} Devin Collins appeals from his sentencing in the Cuyahoga County Court of Common Pleas. For the following reasons, we reverse in part and remand.

{¶2} Collins pled guilty to felonious assault in violation of R.C. 2903.11(A)(1) with a one-year firearm specification, aggravated robbery in violation of R.C. 2911.01(A)(1) with a one-year firearm specification, having weapons while under disability and tampering with evidence.

{¶3} The trial court sentenced Collins to prison terms of 10 years for felonious assault and aggravated robbery with consecutive one-year sentences for the firearm specifications, 36 months for having weapons while under disability and 36 months for tampering with evidence. The trial court ordered the prison terms for felonious assault and aggravated robbery to be served concurrently with each other but consecutively to the prison term for having weapons while under disability and consecutively to the prison term for tampering with evidence for a cumulative prison term of 17 years. This appeal followed.

{¶4} In his first assignment of error appellant argues that the trial court erred in determining that his convictions for felonious assault in violation of R.C. 2903.11(A)(1) and aggravated robbery in violation of R.C. 2911.01(A)(1) were not allied offenses of similar import.

{¶5} Our review of an allied offenses question is de novo. *State v. Webb*, 8th

Dist. Cuyahoga No. 98628, 2013-Ohio-699, ¶ 4, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶6} Under Ohio law, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). However,

> [w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25(B).

{¶7} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court redefined the test for determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25. The *Johnson* court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. Pursuant to *Johnson*, the conduct of the accused must be considered in determining whether two offenses should be merged as allied offenses of similar import under R.C. 2941.25. *Id.* at syllabus. The determinative inquiry is two-fold: (1) "whether it is possible to commit one offense and commit the other with the same conduct," and (2) "whether the offenses

were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id*. at ¶ 48-49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting). "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Id*. at ¶ 50.

> Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

*Id*. at ¶ 51.

{¶8} The term "animus," as defined by the Ohio Supreme Court in *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979), means "purpose or, more properly, immediate motive."

{¶9} The trial court found that appellant's guilty pleas to felonious assault in violation of R.C. 2903.11(A)(1) and aggravated robbery in violation of R.C. 2911.01(A)(1) were not allied offenses of similar import because the statutory language of those sections demonstrated a separate animus. In other words, the trial court found that the first prong of the *Johnson* test was not satisfied in that the commission of one offense will never result in the commission of the other.

{¶10} Appellant plead guilty to felonious assault in violation of R.C. 2903.11(A)(1) which provides:

(A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn;
R.C. 2911.01 defines aggravated robbery in relevant part as:

(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

* * *

(3) Inflict, or attempt to inflict, serious physical harm on another.

R.C. 2911.01.

{¶11} Because appellant pled guilty to a violation of R.C. 2911.01(A)(1) as opposed to (A)(3) the trial court found that his conviction of felonious assault involving serious physical harm necessarily possessed a separate animus. We disagree. While ordinarily a violation of R.C. 2903.11(A)(1) would most likely match with a violation of R.C. 2911.01(A)(3) if the offenses were allied offenses of similar import, considering the broad language of R.C. 2911.01(A)(1) we cannot agree with the trial court's conclusion that the commission of one offense could never result in the commission of the other. Therefore, the court must consider the conduct of the accused to determine whether the offenses were committed by the same conduct. Our holding is consistent with how other districts have treated these offenses. *See, e.g.*, *State v. Shields*, 1st Dist. Hamilton No. C-100362, 2011-Ohio-1912, ¶ 14-20; *State v. Maple*, 9th Dist. Summit No. 25313, 2011-Ohio-1216.

{¶12} The record before us is insufficient to properly determine if the offenses

were committed by the same conduct. Although the appellant and the state both spoke briefly prior to sentencing about the events underlying appellant's convictions for felonious assault and aggravated robbery neither account adequately detailed the felonious assault such that the court could properly determine if it was committed with a separate animus from the aggravated robbery. Specifically, the presentence investigation report reflects that the victim in this case, a police officer, was shot by appellant's codefendant during an attempted theft offense and essentially is a mere recitation of the language of the indictment. Although the state argued that the felonious assault occurred subsequent to, and separate from, the aggravated robbery, the state's recitation of facts failed to explain precisely when during the course of events the victim was shot.

{¶13} We find that the trial court erred in holding that violations of R.C. 2903.11(A)(1) and R.C. 2911.01(A)(1) could not be allied offenses of similar import. The trial court has a duty to inquire and determine whether multiple charges are allied offenses of similar import.[1] *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, and 98590, 2013-Ohio-1027, ¶ 55. This includes the duty to apply R.C. 2941.25 and the *Johnson* test to the multiple charges. *Id*. As the record lacks sufficient factual detail to determine whether the offenses are allied offenses

---

[1]Our analysis is not changed by the fact that the trial court ordered appellant's prison terms for aggravated robbery and felonious assault to be served concurrently. The imposition of concurrent sentences is not the equivalent of merging allied offenses. *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512. "Even when the sentences are to be served concurrently, a defendant is prejudiced by havng more convictions than are authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31.

of similar import, a remand is necessary to establish the underlying facts of appellant's conduct so that the trial court is able to properly determine whether the subject crimes should merge for sentencing purposes.   Appellant's first assignment of error is sustained.

{¶14}   Appellant argues in his second assignment of error that the trial court abused its discretion in neglecting to waive court costs and that his trial counsel was ineffective in neglecting to request such a waiver.

{¶15}   R.C. 2947.23(A)(1) governs the imposition of costs and provides:

> In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.

{¶16}   This statute has been held to apply even to indigent defendants. *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2012-Ohio-2762, ¶ 78.   A trial court may, in its discretion, waive these costs.   *Id.*, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.   However, the defendant must first make a motion for waiver at the time of sentencing.   *Id.*, citing *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 5.

{¶17}   The record reflects that appellant's trial counsel did not make a motion for waiver at sentencing but instead asserted that appellant was indigent and moved for court costs to be imposed after he was released from prison.   The trial court refused to find appellant indigent at sentencing but stated that appellant could submit an affidavit of indigency and the court would consider it.

**{¶18}** To substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶19}** This court has found counsel ineffective for failing to file an affidavit of indigency for a defendant when the "record shows there is a reasonable probability the defendant would have been found indigent." *State v. Hubbard*, 8th Dist. Cuyahoga No. 99093, 2013-Ohio-1999, ¶ 9.

**{¶20}** At the sentencing hearing, defense counsel stated that, although he was retained, appellant had "no more money left." On the day after the sentencing hearing, appellant's trial counsel filed a motion for the appointment of appellate counsel and attached an affidavit in which appellant averred that he was indigent, was unemployed and had no assets or money. The trial court did appoint appellate counsel but failed to consider the attached affidavit of indigency for purposes of the suspension of court costs as it indicated it would do. We find that counsel was not ineffective but that the trial court abused its discretion in failing to consider a waiver of court costs.

**{¶21}** Appellant's second assignment of error is sustained, in part.

**{¶22}** In his third assignment of error appellant argues that the trial court erred in failing to calculate the number of days for which he was entitled to receive jail-time credit. Appellant further argues that his attorney provided ineffective assistance of

counsel by failing to object to this omission.

**{¶23}** R.C. 2929.19(B)(2)(g)(i) provides that at the sentencing hearing, the trial court shall:

> [d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term * * *.

**{¶24}** The record reveals that the trial court failed to comply with R.C. 2929.19(B)(2)(g)(i) in that the court did not determine the proper jail-time credit, did not notify the offender of the days at sentencing and did not include the calculated time in its sentencing entry. The state concedes this assignment of error.

**{¶25}** Therefore, we sustain appellant's third assignment of error and remand the case for the trial court to properly calculate and apply jail-time credit. *State v. Barker*, 8th Dist. Cuyahoga No. 93574, 2010-Ohio-4480, ¶ 18.

**{¶26}** Finally, we sua sponte note that the trial court's sentencing entry contains a clerical error. At sentencing, the trial court ordered appellant's prison terms for having weapons while under disability and tampering with evidence to be served consecutively to one another and ordered both prison terms to be served consecutively to appellant's prison terms for felonious assault and aggravated robbery. The trial court imposed a cumulative prison term of 17 years in this manner. However, the trial court's sentencing entry, while imposing the same cumulative prison term, fails to clarify that the prison terms for having weapons while under disability and tampering with evidence are to be

served consecutively to one another. Further, the journal entry of sentencing also fails to indicate whether the sentences imposed for the firearm specifications merge. The trial court retains continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided. *State v. Mackey*, 5th Dist. Licking No. 10-CA-74, 2011-Ohio-2651, ¶ 11. The trial court's ambiguous language in the sentencing entry qualifies as a clerical error that the court may correct on remand. *Id.* at ¶ 14.

**{¶27}** The judgment of the trial court is reversed in part. We reverse appellant's sentences for aggravated robbery and felonious assault and remand for the trial court to conduct an allied offenses hearing as to those offenses. We further remand the cause for the proper calculation of the jail-time credit, the correction of the clerical error in the sentencing entry and to allow appellant to move for the waiver of court costs.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., DISSENTS
IN PART WITH SEPARATE OPINION


FRANK D. CELEBREZZE, JR., P.J., DISSENTING IN PART:

{¶28} I respectfully dissent from the majority's position that the record before us is insufficient to properly conduct a de novo review of whether the trial court erred in determining that appellant's convictions for felonious assault in violation of R.C. 2903.11(A)(1) and aggravated robbery in violation of R.C. 2911.01(A)(1) were not allied offenses of similar import.

{¶29} Initially, I note that in an effort to avoid remands like this in the future, I feel obligated to reiterate a relevant statement made by this court over 30 years ago in *State v. Kent*, 68 Ohio App.2d 151, 155, 428 N.E.2d 453 (8th Dist.1980), fn.1. In *Kent*, Judge Alvin Krenzler stated:

> When there is a probability that the allied offense issue may arise in a case, the prosecutor and defense counsel would be well advised to squarely confront the issue in any plea bargaining that takes place. By resolving this question at the plea bargaining stage and incorporating the resolution of the allied offense issue in the plea bargain to be placed on the record, the prosecutor and defense counsel will act to avoid later problems in the validity of the plea bargain, in the entering of the plea, in the acceptance of the plea, in the judgment of conviction, and any appeal of the case.

{¶30} Nevertheless, in the case at hand, I believe that the record contains sufficient facts to conduct a de novo review. As this court recently stated in *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, and 98590, 2013-Ohio-3235, "at any point in the process, prosecutors can put facts on the record that

would support a determination that certain offenses are not allied." This does not have to involve long or complicated hearings or witnesses. Historically, merger of offenses has always been viewed as a part of the sentencing process. Thus, "the sentencing process is less exacting than the process of establishing guilt." *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 14 (2d Dist.), citing *Nichols v. United States*, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). Therefore, this process can easily be satisfied by a brief recitation of facts or circumstances by the prosecutor, preferably prior to the plea, to aid the trial court in its determination. Nothing more should be required.

{¶31} In my view, the prosecutor's brief recitation of the facts relevant to appellant's aggravated robbery and felonious assault convictions was enough to support the trial court's determination that the offenses were not allied. At the sentencing hearing, the prosecutor reminded the court that although codefendant Patrick Minifee was in fact the shooter in this case, his conduct was attributable to appellant for the purposes of conducting an allied offenses review. In arguing that the aggravated robbery and felonious assault convictions were committed with separate animus, the prosecutor presented the following statement:

> Your honor, I would say that the factual difference between the two offenses * * * that would make them non-allied would be initially [codefendant] gets out to rob Officer Borders. He approaches him with a gun, states language consistent with a robbery. And [Officer Borders is] a police officer and armed.
>
> Believing this makes himself even more at risk, [Officer Borders]

produces the gun. I submit to you only then, when [codefendant] sees the gun or it's fired, [codefendant] takes it in [his] hands to shoot at Officer Borders. I say that this was done by [codefendant] to injure Officer Borders and/or kill Officer Borders and then leave him to avoid detection. That would be a separate purpose. They have initially the purpose to commit the aggravated robbery and then when it doesn't go well, [codefendant] takes it on himself to shoot it out with him. That would be the purpose.

{¶32} Based on the foregoing, I am satisfied that appellant committed aggravated robbery in violation of R.C. 2911.01(A)(1) and felonious assault in violation of R.C. 2903.11(A)(1) with a separate animus. As appellant approached Officer Borders, his immediate motive was apparently to rob him. Thus, the ultimate physical attack on Officer Borders was not "slavishly tied to that initial criminal goal," but was made once the robbery did not go according to plan. *See State v. Shields*, 1st Dist. Hamilton No. C-100362, 2011-Ohio-1912, ¶ 18, citing *State v. Williams*, 8th Dist. Cuyahoga No. 94616, 2011-Ohio-925, at ¶ 75 (S. Gallagher, J., concurring).

{¶33} Accordingly, I would hold, based on these facts, that the aggravated robbery and the felonious assault were motivated by a separate animus, and therefore should not have merged for the purposes of sentencing.

{¶34} I concur with the remainder of the majority's opinion.