[Cite as *State v. Minifee*, 2014-Ohio-694.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 99202

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PATRICK A. MINIFEE

DEFENDANT-APPELLANT

---

### JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-562160
Application for Reopening
Motion No. 468799

**RELEASE DATE:** February 26, 2014

**ATTORNEY FOR APPELLANT**

Richard Agopian
1415 West Ninth Street - 2nd Floor
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Katherine Mullin
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} On October 2, 2013, the applicant, Patrick Minifee, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, in which this court affirmed his convictions for attempted murder, aggravated robbery, carrying a concealed weapon, improperly handling a firearm in a motor vehicle, and tampering with evidence. Minifee maintains that his appellate counsel was ineffective for not arguing allied offenses. On December 2, 2013, the state of Ohio, through the Cuyahoga County Prosecutor, filed its brief in opposition. For the following reasons, this court denies the application to reopen.

{¶2} On April 26, 2012, an off-duty Cleveland police officer exited his car at a private residence in Cleveland. Minifee, brandishing a pistol, approached the officer and attempted to rob him. The officer produced his firearm, and the two men exchanged shots. The officer was shot in the back, and Minifee was shot in the chest. Minifee was able to get back to a car, which contained two acquaintances who drove him to a nearby hospital. The acquaintances abandoned Minifee in the car at the hospital, where lifesaving measures allowed his survival. Police officers discovered two firearms underneath the car's gear box. The wounded officer was treated and released.

{¶3} Consequently, the grand jury indicted Minifee and his two acquaintances with the following charges: (1) kidnapping, (2) attempted murder, (3) felonious assault by knowingly causing serious physical harm to the police officer, (4) felonious assault by

means of a deadly weapon, (5) aggravated robbery by brandishing a deadly weapon, (6) aggravated robbery by causing serious physical harm to the officer, (7) discharge of a firearm on or near a prohibited premises, (8) carrying a concealed weapon, (9) improperly handling a firearm in a motor vehicle, and (10) tampering with evidence. The first seven counts also carried one- and three-year firearm specifications, and Minifee's codefendants also faced charges of having a weapon while under disability.

{¶4} After a change of defense counsel, discovery, and extensive negotiations, Minifee and the state reached a plea bargain. Minifee would plead guilty to all the charges and specifications, and the court would impose an agreed sentence of 19.5 years.[1] Minifee pleaded guilty, and the judge scheduled a separate sentencing hearing.

{¶5} At the sentencing hearing, Minifee initially made a pro se oral motion to withdraw his guilty plea and argued that his attorney had coerced him into the plea and that he was deprived of due process. The trial judge conducted a hearing and denied the motion to withdraw.

{¶6} The trial judge then asked the prosecutor to address the issue of allied offenses. The prosecutor stated that the kidnapping charge and the two aggravated robbery charges would merge and that the state would elect to sentence on the deadly weapon version of the aggravated robbery charge. He also stated that the attempted murder and the two felonious assault charges would merge and that the state would elect

---

[1]The maximum potential sentence for the charges was 47.5 years.

to sentence on the attempted murder charge.[2]

{¶7} The prosecutor acknowledged that felonious assault and aggravated robbery could merge. However, he argued that they should not in this case, because the peculiar facts of this case showed a different animus motivated the aggravated robbery from the attempted murder/felonious assault. Minifee's initial animus was to rob the officer when Minifee approached brandishing his weapon. That animus changed to escape and avoiding detection when the officer produced his weapon and the firing began. The judge accepted this version of the facts. At the end of the allied offense hearing, the judge asked defense counsel for his input, and defense counsel replied: "Nothing further, your Honor." (Tr. 71-77.) The judge then imposed the agreed 19.5 year prison sentence.

{¶8} On appeal, Minifee's attorney argued the following: (1) Minifee's plea was not knowingly and voluntarily made, (2) the trial judge abused his discretion in denying the motion to withdraw, (3) trial counsel was ineffective for not aiding Minifee's motion to withdraw, and (4) the trial judge erred in imposing court costs.

{¶9} Minifee now argues that his appellate counsel was ineffective for not arguing that the aggravated robbery charges should have merged with the felonious assault charges as allied offenses. Minifee relies on the appeal of one of his acquaintances, *State v. Collins,* 8th Dist. Cuyahoga No. 99111, 2013-Ohio-3726. Devin

---

[2] Although the prosecutor argued that the attempted murder and felonious assault charges should not merge with the discharge of a firearm in a prohibited place because the elements were so different, the trial judge merged them.

Collins pleaded guilty to felonious assault, aggravated robbery, having a weapon while under disability, and tampering with evidence. On appeal, this court reversed and remanded on the issue of allied offenses, reasoning the record was

> insufficient to properly determine if the offenses were committed by the same conduct. * * * [N]either account adequately detailed the felonious assault such that the court could properly determine if it was committed with a separate animus from the aggravated robbery. * * * Although the state argued that the felonious assault occurred subsequent to, and separate from the aggravated robbery, the state's recitation of facts failed to explain precisely when during the course of events the victim was shot.

*Id.* at ¶ 12.

Minifee concludes that because the prosecutor made "essentially the same argument" in his case that he did in Collins's case, this court should follow *Collins* and grant his application to reopen.

{¶10} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶11} In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶12} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶13} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is

a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶14} Minifee's argument is not persuasive. The trial judge conducted an allied offenses hearing in Minifee's case, and merged seven of the ten offenses to which he pleaded guilty. The prosecutor showed that a different animus motivated the aggravated robbery and kidnapping charges than the attempted murder and felonious assault charges. Minifee's animus changed from robbery to escape "when the officer produced his weapon and began to fire at them." (Tr. 73.) Thus, *Minifee* is distinguishable from *Collins.* The prosecutor provided more than in Collins's case. When confronted with the allied offenses hearing, the multiple mergers, and the prosecutor's proffer of different animuses dependent on the officer's action, appellate counsel in the exercise of professional judgment could reject the allied offenses argument.

{¶15} Accordingly, this court denies the application for reopening.

---

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR