[Cite as *Birdsall v. Miller*, 2013-Ohio-2957.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DEAN BIRDSALL, | ) | |
| | ) | CASE NO.    13 BE 10 |
| PETITIONER, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| MICHELE MILLER, WARDEN, | ) | |
| BELMONT CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:   Petitioner's Petition for Writ of Habeas
Corpus; Respondent's Motion to Dismiss.

JUDGMENT:   Petition for Writ of Habeas Corpus Denied;
Motion to Dismiss Granted.

APPEARANCES:
For Petitioner:   Dean Birdsall, *Pro Se*
#A602-141
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio  43950

For Respondent:   Attorney Michael DeWine
Attorney General
Attorney Stephanie Watson
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio  43215-6001

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: June 28, 2013

PER CURIAM:

¶{1} On May 9, 2013, Petitioner Dean Birdsall filed a petition for writ of habeas corpus with this court. On May 28, 2013, Respondent Michele Miller, Belmont Correctional Institution's Warden, filed a Motion to Dismiss.

¶{2} From the filings and the attachments thereto, it is apparent that in 1994, Petitioner was convicted of rape in violation of R.C. 2907.02, a first-degree felony. He received an indefinite term of 7 to 25 years. Medina County, Ohio, Common Pleas Court Case No. 92CR0367. Petitioner did not file a direct appeal from that conviction and sentence. According to Petitioner, in December 2007, he was released on parole after serving approximately 13 years.

¶{3} In 2010, while on parole, Petitioner was charged in Richland County, Ohio, with one count of Failure to Register as a Sexually Oriented Offender, a first-degree felony, and one count of Escape, a second-degree felony. A plea agreement was reached in April 2011. Petitioner pled no contest to the escape charge. As part of the agreement, the failure to register charge was dismissed and the parties agreed to jointly recommend a six year sentence for the escape conviction and that the sentence is to run concurrent to the 7 to 25 year sentence for the rape conviction in Medina County Case No. 92CR0367. 04/21/11 J.E.; 04/12/12 J.E. The trial court found Petitioner guilty and followed the jointly agreed sentence recommendation. 04/21/11 J.E. Petitioner did not file a timely direct appeal from this conviction. However, he did file a delayed appeal. 07/09/12 Motion; 08/06/12 Amended Motion for Leave to File Delayed Appeal. The Fifth Appellate District denied the motion. 08/22/12 J.E

¶{4} Petitioner did not timely appeal that decision. Rather, he filed a motion for a delayed appeal in the Ohio Supreme Court. 12/21/12 Motion Ohio Supreme Court Case No. 2012-2144. The Ohio Supreme Court denied the motion. *State v. Birdsall*, ___ Ohio St.3d ___, 2013-Ohio-347, 982 N.E.2d 726.

¶{5} This brings us to the writ of habeas corpus that was filed with this court. There are two discernible arguments set forth in the writ. The first argument is that Petitioner's conduct did not constitute escape as espoused in R.C. 2921.34(A)(1). Specifically, it seems that he is arguing that in order to be guilty under that provision he had to be on postrelease control at the time of the escape. He contends that his 1994 sentence for rape did not include a postrelease control sentence and therefore

that element of escape cannot be met. His second discernible argument is that the act of escape was used to punish him for violating his parole and was also used to convict him. Thus, he contends he was punished twice for the same conduct and this violated the double jeopardy clauses of the United States Constitution and the Ohio Constitution.

¶{6} The habeas corpus statute, R.C. 2725.01, provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law. *In re Pianowski,* 7th Dist. No. 03MA16, 2003–Ohio–3881, ¶ 3; *see also State ex rel. Pirman v. Money,* 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994). "Thus, if the defendant *has or had* an adequate remedy in the ordinary course of the law such as an appeal, delayed appeal, petition for post-conviction relief, motion for relief from a civil judgment, or motion to withdraw a guilty plea, then habeas is inappropriate." (Emphasis sic.) *Mosley v. Eberlin,* 7th No. 08 BE 7, 2008–Ohio–6593, ¶ 27.

¶{7} Both of Petitioner's arguments could have been addressed in a direct appeal or a delayed appeal. Furthermore, the first argument concerning the elements of escape could also have been raised in a post-sentence motion to withdraw his no contest plea to argue that his plea was not entered into knowingly, intelligently and/or voluntarily. Thus, Petitioner has or had an adequate remedy at law. For that reason alone, the writ fails.

¶{8} However, even if we do consider the arguments they are meritless. Regarding his first argument that the state could not prove the elements of escape, R.C. 2921.34(A)(1) provides that no person, knowing the person is under detention shall purposely break the detention or purposely fail to return to detention. (Statute in effect in 2010). Petitioner admitted in the writ that he was on parole when the alleged escape occurred. The Ohio Supreme Court has explained that parole constitutes detention within the meaning of the statute and a parolee's failure to report constitutes escape under R.C. 2921.34. *State v. Thompson,* 102 Ohio St.3d 287, 809 N.E.2d 1134, 2004-Ohio-2946 (the amendments to R.C. 2921.34 in 1996 and 2967.15(C)(2)

in 1988 make it clear that after 1998 parolees who fail to report can be charged with escape regardless of when the underlying crime was committed; General Assembly intends to include a parolee's failure to report within the definition of escape). *See also* R.C. 2921.34(D) (current version). Thus, the elements of escape under R.C. 2921.34(A)(1) could be met.

¶{9} Petitioner's second argument concerns being convicted and sentenced for escape and using that same conduct to punish him for violating parole. He asserts that that action amounts to a double punishment for the same conduct and constitutes a violation of the double jeopardy clause. The Ohio Supreme Court's decision in *Martello* is controlling over this issue. In that case it was explained:

> The Double Jeopardy Clause of the United States Constitution, contained in the Fifth Amendment, provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." Section 10, Article I of the Ohio Constitution similarly provides, "No person shall be twice put in jeopardy for the same offense." The protections afforded by the two Double Jeopardy Clauses are coextensive.

> It has long been recognized that double jeopardy principles do not prohibit the imposition of every additional sanction that could be labeled "punishment" in common parlance. Rather, double jeopardy principles protect "only against the imposition of multiple criminal punishments for the same offense * * * and then only when such occurs in successive proceedings." (Emphasis deleted.)

(Citations Omitted.) *State v. Martello*, 97 Ohio St. 3d 398, 399-400, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7-8.

¶{10} The Court then went on to explain that any punishment imposed by the Adult Parole Authority was civil in nature and amounted to nothing more than the reinstatement of punishment already imposed as part of the original criminal prosecution. *Id.* at ¶ 26. Therefore, double jeopardy did not attach. It explained that the longstanding rule in both Ohio and in federal courts was that a criminal defendant could be convicted of the new charge of escape regardless of any decision by a parole

authority to reinstate the original sentence or impose additional administrative sanctions for the parole violation. *Id.* at ¶ 38.

¶{11} Therefore, Petitioner's second argument also lacks merit.

¶{12} In conclusion, Petitioner had an adequate remedy at law and regardless, his arguments lack merit. Therefore, Respondent's motion to dismiss is granted. The petition for a writ of habeas corpus is dismissed. Costs taxed against Petitioner.

¶{13} Final order. Clerk to serve notice as provided by the Civil Rules.

Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, P.J., concurs.