[Cite as *State v. Dunne*, 2014-Ohio-3323.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100460

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KEVIN DUNNE

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574027

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 31, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Adam M. Chaloupka
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Kevin Dunne appeals from the trial court's imposition of prison time for the charge of escape and for violating the conditions of postrelease control. Dunne argues the dual sentencing for a single act, i.e., failure to report to his parole officer, violates the constitutional protections of double jeopardy. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} On May 6, 2013, the Cuyahoga County Grand Jury indicted Dunne with one count of escape after he failed to report to his parole officer on an underlying attempted felonious assault conviction. Dunne pleaded guilty, was referred for a presentence investigation report and the trial court scheduled sentencing for August 6, 2013 and set a personal bond because Dunne had a pending case in Lorain County. Dunne failed to appear for sentencing on the appointed date and a capias was issued for his arrest.

{¶3} On August 30, 2013, a sentencing hearing was held and the trial court stated that it had intended to place Dunne on probation but given the fact that he failed to appear for his presentence investigation interview as well as his originally scheduled sentencing, he would be going to prison. Dunne was sentenced to 12 months in prison for the charge of escape. Additionally, the trial court invoked R.C. 2929.141, terminated Dunne's postrelease control in Cuyahoga C.P. No. CR-09-524006 and sentenced him to 18 months in prison for the remaining time Dunne possessed on postrelease control.

The court ordered those sentences to be served consecutively for a total prison term of 30 months.

{¶4} Dunne appeals, raising the following assigned error:

Mr. Dunne cannot be twice punished for failing to report on post-release control by being sentenced to prison for escape under R.C. 2921.34 and also being sentenced to prison for committing a felony while under post-release control under R.C. 2929.141.

{¶5} Dunne's argument mirrors that of the appellant in *Birdsall v. Miller*, 7th Dist. Belmont No. 13 BE 10, 2013-Ohio-2957, wherein the defendant argued that being convicted and sentenced for escape and using that same conduct to punish him for violating parole violated his rights under the Double Jeopardy Clause. *Id.* at ¶ 9. As noted by the Seventh District in *Miller*, this issue is controlled by the Ohio Supreme Court's decision in *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7-8, wherein the court explained:

> The Double Jeopardy Clause of the United States Constitution, contained in the Fifth Amendment, provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." Section 10, Article I of the Ohio Constitution similarly provides, "No person shall be twice put in jeopardy for the same offense." The protections afforded by the two Double Jeopardy Clauses are coextensive.
>
> It has long been recognized that double jeopardy principles do not prohibit the imposition of every additional sanction that could be labeled "punishment" in common parlance. Rather, double jeopardy principles protect "only against the imposition of multiple criminal punishments for the same offense * * * and then only when such occurs in successive proceedings."

(Emphasis deleted and citations omitted.)

{¶6} In *Martello*, the court held that there is no double jeopardy violation where "a person released on postrelease control who violates conditions of that postrelease control faces a term of incarceration for the violation as well as criminal prosecution for the conduct that was the subject of the violation as a felony in its own right." *Id*. at ¶ 27. The *Martello* court reasoned that punishment imposed due to a violation of postrelease control was civil in nature and amounted to nothing more than the reinstatement of punishment already imposed as part of the original criminal prosecution.[1] *Id*. at ¶ 19, 26. Therefore, double jeopardy did not attach. The court explained that the longstanding rule in both Ohio and in federal courts was that a criminal defendant could be convicted of the new charge of escape regardless of any decision by a parole authority to reinstate the original sentence or impose additional administrative sanctions for the parole violation. *Id*. at ¶ 38.

{¶7} Consistent with *Martello*, Dunne's sole assignment of error is overruled.

{¶8} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

---

[1]The *Martello* court reasoning relied upon language in R.C. 2967.28(F)(4) that the legislature has since deleted from that statute but replaced with a substantially similar provision in R.C. 2929.141(A)(1).

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., CONCURS    (WITH SEPARATE OPINION)


FRANK D. CELEBREZZE, JR., P.J., CONCURRING:

{¶9} I concur with the majority's application of the law, but write separately to express my sincere desire that the Cuyahoga County Court of Common Pleas develop a veterans court in order to address many of the factors discussed in appellant's Mitigation Evaluation Report, including his mental health and its impact on his criminal history.

{¶10} Similar to other specialty dockets operated by the courts in Cuyahoga County, cases involving veterans involve unique and individual circumstances that require specialized considerations. It is an unfortunate truth that many veterans return to civilian life with significant physical and mental traumas that often contribute to their involvement in the criminal justice system. It saddens this judge to observe the repeat-offender nature of many of our veterans who struggle with their mental health

issues or alcohol and drug addictions — which far too often derive from their service to our country.

{¶11} In order to increase a veteran's chances for rehabilitation, this county must take responsibility for ensuring that veterans receive the treatment they need and deserve. As recognized by the Veterans Treatment Docket implemented by the Cleveland Municipal Court, facilitating access to various treatment programs and fostering interaction with other veterans helps to ensure that those who have served in our military forces receive the services necessary to lead a healthy and law-abiding life.

{¶12} Thus, I hope that in the near future, the common pleas court will take actions to emulate the Cleveland Municipal Court Veterans Treatment Docket, which focuses on the vision of "Leaving no Veteran behind."