[Cite as *State v. Moore*, 2019-Ohio-3657.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,               :

                                   Nos. 107702, 108596,

    v.                                :                 108597, 108598, and

                                     108599

BENJAMIN MOORE,                            :

    Defendant-Appellant.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** September 12, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-627150-A, CR-17-617114-A, CR-17-615966-D,
CR-17-615208-A, and CR-18-626968-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kelly N. Mason, Assistant Prosecuting
Attorney, *for appellee.*

Robert A. Dixon, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, Benjamin Moore ("appellant"), brings this appeal challenging his convictions and sentences in five criminal cases. Specifically, appellant argues that his guilty pleas were not knowingly and intelligently entered

because the trial court failed to advise him of his rights pursuant to Crim.R. 11. Pursuant to Loc.App.R. 16(B), the state concedes this error. After a thorough review of the record and law, this court vacates appellant's convictions and remands for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} Appellant brings the instant appeal from his convictions in five criminal cases: Cuyahoga C.P. Nos. CR-18-627150-A, CR-18-626968-A, CR-17-615208-A, CR-17-615966-D, and CR-17-617114-A. Appellant and the state reach a plea agreement. The state agreed to amend the indictments in exchange for appellant's guilty pleas in all five cases. On June 25, 2018, appellant pled guilty to the amended indictments in the five cases. The five cases consisted of various offenses for weapons charges, and trafficking and possession of drug charges. On August 21, 2018, appellant was sentenced to an aggregate prison term of three years.

{¶ 3} On September 19, 2018, appellant filed the instant appeal challenging his convictions in all five criminal cases.[1] He assigns one error for our review:

    I.    The judgment(s) below must be vacated as the court failed to comply with Ohio Crim.R. 11 in violation of the appellant's right to due process of law.

---

[1] Appellant filed his notice of appeal on September 19, 2018, from CR-18-627150 only. This court granted appellant's motion for a delayed appeal in the remaining four cases on May 22, 2019. *See* motion No. 528905. Accordingly, all five cases are currently before this court in the instant appeal.

{¶ 4} In his sole assignment of error, appellant argues that his guilty pleas were not knowingly and intelligently entered because the trial court failed to advise him of his constitutional rights in violation of Crim.R. 11.

{¶ 5} When a defendant enters a plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily made. Prior to accepting a defendant's guilty plea, a trial court is bound by the requirements of Crim.R. 11(C)(2). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 27.

{¶ 6} Crim.R. 11(C)(2), governing pleas in felony cases, provides:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 7} Moreover, "[t]he underlying purpose of Crim.R. 11(C) is to convey information to the defendant so that he or she can make a voluntary and intelligent

decision regarding whether to plead." *State v. Carty*, 2018-Ohio-2739, 116 N.E.3d 862, ¶ 13 (8th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "'Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Albright,* 8th Dist. Cuyahoga No. 107632, 2019-Ohio-1998, ¶ 14, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶ 8} This court applies a de novo review of the record to determine whether the trial court complied with the requirements set forth in Crim.R. 11(C). *State v. Gatson*, 8th Dist. Cuyahoga No. 94668, 2011-Ohio-460, ¶ 4.

{¶ 9} In the instant matter, in the notice of conceded error, the state acknowledged that during the June 25, 2018 change-of-plea hearing, the trial court failed to advise appellant of any of the Crim.R. 11(C)(2) constitutional rights.

{¶ 10} In our review of the change of plea hearing transcript, we note that the trial court thoroughly reviewed the terms of the plea agreement. The trial court also discussed the issue of appellant's jail-time credit, and calculated the number of days of jail-time credit appellant was entitled to receive. Further, the trial court discussed with appellant the terms of postrelease control, fines, and court costs. However, the trial court simply failed to advise appellant of any of the Crim.R. 11(C)(2) constitutional rights.

{¶ 11} Appellant's sole assignment of error is sustained.

{¶ 12} Appellant's convictions in CR-18-627150-A, CR-18-626968-A, CR-17-615208-A, CR-17-615966-D, and CR-17-617114-A are vacated, and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
RAYMOND C. HEADEN, J., CONCUR