[Cite as *State v. Hawkins*, 2019-Ohio-4162.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 108057

    v.                           :

FREDRICK HAWKINS,                       :

    Defendant-Appellant.         :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 10, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-626321-A, CR-18-626329-A, CR-18-630435-A,
CR-18-631229-A, and CR-18-631968-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Patton and Jeffrey Maver, Assistant Prosecuting Attorneys, *for appellee.*

Carmen Naso and Andrew Geronimo, Counsel, and Rachel Adelman, Jie Zhang, and Matthew Logan O'Connor, Certified Legal Interns, Milton A. Kramer Law Clinic, Case Western Reserve University, *for appellant.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Fredrick Hawkins ("Hawkins") filed a delayed notice of appeal of his convictions and sentencing following his guilty pleas in

Cuyahoga C.P. Nos. CR-18-626321-A, CR-18-626329-A, CR-18-630435-A, CR-18-631229-A, and CR-18-631968-A.[1]

I.    **Procedural and Factual History**

{¶ 2}    Regarding CR-18-626321-A, Hawkins was charged on March 8, 2018 under a three-count indictment with breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13(A); grand theft, a fourth-degree felony, in violation of R.C. 2913.02(A)(1); and theft, a fifth-degree felony, in violation of R.C. 2913.02(A)(1). Hawkins pleaded not guilty to the offenses on March 22, 2018, and attended a March 28, 2018 pretrial. Hawkins did not appear for an April 9, 2018 pretrial, and as a result, a capias was issued. The capias was recalled on April 17, 2018, when Hawkins presented himself to court with a letter stating he was hospitalized on the date of the last pretrial. The letter was dated April 11, 2018, and while it did not specify the care provided, it stated Hawkins had been hospitalized at Lutheran Hospital since April 9, 2018, and was still receiving medical care.

{¶ 3}    In a separate criminal case, CR-18-626329-A, Hawkins was indicted on March 20, 2018, for drug possession, a fifth-degree felony, in violation of R.C. 2925.11(A). Hawkins failed to appear for his arraignment, and as a result, a

---

[1]Hawkins's appeal stems from five criminal cases — CR-18-626321-A, CR-18-626329-A, CR-18-630435-A, CR-18-631229-A, and CR-18-631968-A. On May 24, 2018, Hawkins pleaded guilty to cases CR-18-626321-A and CR-18-626329-A. On October 24, 2018, Hawkins pleaded guilty to the three remaining cases. Hawkins was sentenced in all five cases on October 30, 2018. Hawkins initially filed a notice of appeal, pro se, on only CR-18-626321-A. Pursuant to a sua sponte motion filed by this court on August 14, 2019, Hawkins was granted, under App.R. 5(A), a motion for delayed appeal on cases CR-18-626329-A, CR-18-630435-A, CR-18-631229-A, and CR-18-631968-A. This appeal addresses all five of Hawkins's criminal cases.

capias was issued on April 3, 2018. The capias was recalled on April 18, 2018, and Hawkins entered a not guilty plea on April 24, 2018.

{¶ 4} The court held a plea hearing on May 24, 2018, on the two criminal cases — CR-18-626321-A and CR-18-626329-A. Hawkins retracted his former not guilty pleas. Under CR-18-626321-A, Hawkins entered a plea of guilty to Count 1, breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13(A). Counts 2 and 3 were nolled. Under CR-18-626329-A, Hawkins pleaded guilty to drug possession, a fifth-degree felony, in violation of R.C. 2925.11. The court accepted Hawkins's guilty pleas and referred him for a presentence investigation ("PSI") report. Sentencing was scheduled for June 27, 2018. At defense counsel's request, the trial court indicated the case would be transferred to the mental health docket. The record does not indicate why that transfer did not occur. Also, Hawkins did not attend his PSI and a subsequent capias was ordered on June 8, 2018.

{¶ 5} On October 10, 2018, the state charged Hawkins with three new cases — CR-18-630435-A, CR-18-631229-A, and CR-18-631968-A — and Hawkins pleaded not guilty to all charges. Hawkins subsequently withdrew his not guilty pleas and entered guilty pleas on October 24, 2018. Under CR-18-630435-A, Hawkins pleaded guilty to Count 1, breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13(A). The court nolled Count 2. Under CR-18-631229-A, Hawkins pleaded guilty to an amended Count 1, criminal trespass, a fourth-degree misdemeanor, in violation of R.C. 2911.21(A)(1). Count 2 was nolled. Under

CR-18-631968-A, Hawkins pleaded guilty to Count 1, breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13.  Count 2 was nolled.

{¶ 6}   Prior to Hawkins entering his guilty pleas during the October 24, 2018 plea hearing, defense counsel requested a PSI and a mental health evaluation. (Oct. 24, 2018 plea hearing, tr. 3.)  The trial court denied defense counsel's request and indicated the case would proceed to sentencing.  (Oct. 24, 2018 plea hearing, tr. 3.)[2]

{¶ 7}   Hawkins was sentenced on all five cases on October 30, 2018.  The court imposed a 12-month sentence on each criminal case, with each sentence running concurrent to one another.  Postrelease control was also imposed.

{¶ 8}   Hawkins filed this appeal and presents these three assignments of error:

> I. The trial court failed to substantially comply with Crim. Rule 11 when it failed to inquire into the [sic] Mr. Hawkins'[s] mental health and by holding a plea hearing with multiple defendants.
>
> II. The trial court abused its discretion in failing to adequately consider the factors under R.C. 2929.11 in sentencing Mr. Hawkins.
>
> III. Mr. Hawkins suffered from ineffective assistance of counsel when his counsel failed to raise the issue of Mr. Hawkins'[s] competency prior to the court accepting his plea despite the extensive evidence of Mr. Hawkins'[s] mental health issues.

{¶ 9}   For the reasons that follow, we affirm.

---

[2]The transcripts of the May 24, 2018 plea hearing and October 30, 2018 sentencing hearing are contained within the same document and are referenced as "(Tr.___.)"  The transcript of the October 24, 2018 plea hearing is contained in a separate transcript and is referenced as "(Oct. 24, 2018 plea hearing, tr. ___.)".

## II. Law and Analysis

### A. Guilty Plea

{¶ 10} In his first assignment of error, Hawkins contends that his pleas were not made knowingly, voluntarily, and intelligently because prior to accepting his pleas (1) the court did not inquire into Hawkins's mental health, (2) the trial court utilized a group-plea hearing, and (3) Hawkins's incompetency prevented him from entering a valid plea. The state argues the court substantially complied with Crim.R. 11(C); the group-plea hearing did not adversely impact Hawkins's guilty plea; and there was no evidence to find Hawkins was incompetent. We agree with the state and find that Hawkins's guilty pleas were knowingly, intelligently, and voluntarily entered in compliance with Crim.R. 11(C).

{¶ 11} The purpose of Crim.R. 11(C) is to provide a defendant with relevant information so that he can make a voluntary and intelligent decision whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981). Before accepting a guilty plea in a felony case, a court must comply with Crim.R. 11(C) and "conduct an oral dialogue with the defendant to determine that the plea is voluntary and the defendant understands the nature of the charges and the maximum penalty involved, and to personally inform the defendant of the constitutional guarantees he is waiving by entering a guilty plea." *State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 5.

{¶ 12} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120

Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. With respect to the nonconstitutional requirements set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *State v. Hill*, 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, ¶ 8. "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). Additionally, before a plea will be vacated due to a violation of the defendant's nonconstitutional rights, the defendant must show prejudice. *Martin* at ¶ 7. "The test for prejudice is whether the plea would have otherwise been made." *Id.*, citing *Nero* at 108.

{¶ 13} "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *Stewart*. The appellate court must review the totality of the circumstances and determine whether the plea hearing complied with Crim.R. 11(C). *State v. Hudson-Bey*, 8th Dist. Cuyahoga No. 104245, 2016-Ohio-7722, ¶ 7.

{¶ 14} Hawkins first contends the trial court did not substantially comply with Crim.R. 11(C)'s nonconstitutional rights when it failed to question him about his mental health. Hawkins has a long criminal history dating back to 1983, including 33 felony charges. Hawkins's criminal record is interspersed with references to his mental health. Several sentencing orders reference the need for

Hawkins to follow his treatment plan, attend mental health appointments, and take his medications as prescribed. Hawkins's sentences have included both prison time and community-control sanctions.

{¶ 15} Courts have found that a defendant's suffering from a mental illness or taking prescribed psychotropic medications at the time he entered a guilty plea "'is not an indication that his plea was not knowing and voluntary, that the defendant lacked mental capacity to enter a plea or that the trial court otherwise erred in accepting the defendant's guilty plea.'" *State v. Carty*, 2018-Ohio-2739, 116 N.E.3d 862, ¶ 22 (8th Dist.), quoting *State v. McClendon*, 8th Dist. Cuyahoga No. 103202, 2016-Ohio-2630, ¶ 16, citing *State v. Robinson*, 8th Dist. Cuyahoga No. 89136, 2007-Ohio-6831. "'A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting counsel.'" *Id.* at ¶ 18, quoting *State v. Harney*, 8th Dist. Cuyahoga No. 71001, 1997 Ohio App. LEXIS 1768 (May 1, 1997), quoting *State v. Bock,* 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986). A trial court may determine whether a defendant provided a knowing and voluntary plea by considering the surrounding circumstances such as the discussions between the court and the defendant and the defendant's behavior. *Carty* at ¶ 22.

{¶ 16} A review of the plea colloquies on May 24, 2018, and October 24, 2018, demonstrates that Hawkins understood the trial court's recitations of the Crim.R. 11 requirements. Hawkins "participated in a reasonably intelligible dialogue with the trial court." *Carty* at ¶ 23. Hawkins then pleaded guilty

to the five offenses. (Tr. 17; Oct. 24, 2018 plea hearing, tr. 12-13.) Looking at the totality of the circumstances, the record shows Hawkins subjectively understood the implications of his pleas and the rights he was waiving, and the trial court substantially complied with its responsibilities under Crim.R. 11(C).

{¶ 17} Similarly, the trial court was not required to question Hawkins's competency. A defendant is presumed competent to stand trial unless "the criminal defendant was unable to understand the nature of the proceedings and could not assist in his or her defense." *State v. Prettyman*, 8th Dist. Cuyahoga No. 79291, 2002 Ohio App. LEXIS 1112, 4 (Mar. 14, 2002), citing *State v. Swift*, 86 Ohio App.3d 407, 411, 621 N.E.2d 513 (11th Dist.1993). Courts have found a defendant suffering from psychosis "'can still be capable of understanding the charges against him and assisting counsel in his defense.'" *Prettyman* at *4, quoting *Bock* at 110. "Therefore, a defendant's emotional or mental instability does not establish incompetence for the purpose of negating a plea, which was otherwise voluntarily, knowingly, and intelligently made." *Prettyman* at *4-5, citing *Swift* at 411. A competency hearing is appropriate "where the record contains 'sufficient indicia of incompetence,' such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial." *State v. Grasso*, 8th Dist. Cuyahoga No. 98813, 2013-Ohio-1894, ¶ 71, quoting *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995), citing *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

{¶ 18} The record indicates Hawkins understood the nature of the proceedings and could assist with his own defense. At no time did Hawkins's attorney request a competency hearing. Absent any indication that Hawkins's competency would prevent him from having a fair trial, the trial court was not required to call, on its own, a competency hearing or question Hawkins on this issue. Additionally, the validity of Hawkins's guilty pleas was not impacted because the trial court explained to Hawkins the rights he was waiving and the consequences of his pleas and Hawkins indicated his understanding of those actions.

{¶ 19} Hawkins also argues the group-plea setting prevented him from entering knowing, intelligent, and voluntary pleas. During the May 24, 2018 plea hearing, the trial court obtained pleas from Hawkins and two additional, unrelated defendants in a group-plea setting. The trial court began the hearing by positioning the defendants in a specific order. The trial court questioned the defendants in that same order throughout the proceeding. The trial court directed questions to all of the defendants and then elicited responses from each defendant, individually. There is no prohibition on a trial court conducting a group-plea hearing. *State v. Strimpel*, 8th Dist. Cuyahoga No. 106129, 2018-Ohio-1628, ¶ 12. A group plea is common practice in the trial courts and does not impact whether a defendant's guilty plea is entered knowingly, intelligently, and voluntarily so long as the court's actions comply with Crim.R. 11(C). *Id.* at ¶ 13.

{¶ 20} Based upon a review of the record, we find the totality of the circumstances demonstrates that Hawkins subjectively understood the implications

of his guilty pleas and the rights he would waive upon entering guilty pleas. Because Hawkins's pleas were knowingly, intelligently, and voluntarily entered, we find his first assignment of error lacks merit.

## B. Felony Sentencing

{¶ 21} In his second assignment of error, Hawkins contends that the trial court abused its discretion and failed to consider the overriding purposes of felony sentencing under R.C. 2929.11. Specifically, Hawkins directs us to his extensive criminal record, drug and alcohol abuse, and mental health history, which demonstrate past incarceration failed to rehabilitate him. Hawkins argues a drug or mental health treatment program would be more effective than prison.

{¶ 22} The standard of review on this issue is not abuse of discretion, but the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. Pursuant to R.C. 2953.08(G)(2), an appellate court may vacate or modify a sentence if the court determines by clear and convincing evidence that the record does not support the trial court's findings under specified statutes or the sentence is otherwise contrary to law. *State v. Lopez*, 2015-Ohio-5269, 43 N.E.3d 492, ¶ 40 (8th Dist.). A sentence is clearly and convincingly contrary to law where the trial court fails to consider the purposes and principles of sentencing under R.C. 2929.11. *Id.* "Appellate courts are to afford deference to a trial court's broad discretion in making sentencing decisions." (Citation omitted.) *State v. Shivers*, 8th Dist. Cuyahoga No. 105621, 2018-Ohio-99, ¶ 9.

{¶ 23} When imposing a sentence on a felony offense, a trial court must consider the overriding purposes of a felony sentence as enumerated in R.C. 2929.11(A). The sentencing court does not need to recite each individual factor, but the record must demonstrate that the court considered the principles of sentencing. *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6. It is presumed that a trial court considered R.C. 2929.11 unless the defendant affirmatively demonstrates the court's failure to do so. *Id.* A trial court also has discretion under R.C. 2929.12 "to determine the most effective way to comply with the purposes and principles set forth in R.C. 2929.11 when imposing a sentence." *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 10. The trial court will consider a nonexhaustive list of factors that relate to the seriousness of the offender's behavior and likelihood of recidivism and any other relevant factors. *Id.*

{¶ 24} Here, the trial court stated at the sentencing hearing that it considered the purposes and principles of the Ohio Revised Code regarding sentencing. (Tr. 24.) The sentencing journal entry states the trial court "considered all required factors of the law" and "found prison consistent with the purposes of R.C. 2929.11." These statements and journal entry are sufficient to satisfy the trial court's sentencing obligations under R.C. 2929.11. *State v. Norman,* 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 11.

{¶ 25} Hawkins argues that sending him to prison, as has been done in the past, does not address his mental health and substance abuse issues that contribute to his criminality. Hawkins argues he should have been rehabilitated

through a transfer of his case to the drug court, mental health court, or an equivalent program. Both Hawkins and his attorney addressed Hawkins's mental health and substance abuse issues during the sentencing hearing. Hawkins stated:

> I just say first of all, I'd like to apologize to the Court as far as me being here back and forth numerous times due to my mental health and my drug addiction and alcohol. And I'd also like to say at the time of these cases I was mentally unstable, I was not on my medication and I was obeying audio voice commands. And when I'm not stable on my medication, I started — well, I started getting shots —first, I was just taking pills so sometimes I would forget to the take the pills, and therefore, it wouldn't be consistent so it was not working, so I started getting shots. And in the process of all of this that was going on, I did take time out, I went to school to become a[n] Ohio Peer Recovery Supporter. I was in the process when I was going to court to get my certification with Ohio Peer Recovery Supporter at the academy and I did do my 40 hours in-person training.

(Tr. 23.)

{¶ 26} The trial court has the discretion to assign what weight it finds appropriate to each statutory factor, so long as the sentencing is not contrary to law. *Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, at ¶ 12. The trial court weighed the sentencing factors and choose to send Hawkins to prison rather than transfer his case to the drug or mental health court. Our review is limited to whether the sentence was contrary to law. *State v. Stovall*, 8th Dist. Cuyahoga No. 104787, 2017-Ohio-2661, ¶ 31. The fact that Hawkins disagrees with the manner in which the court weighed each factor does not make the sentence contrary to law. *Id.*

{¶ 27} For the foregoing reasons, we find that the trial court considered the relevant sentencing factors and Hawkins has not demonstrated by clear and convincing evidence that the record does not support the sentence. *Marcum*, 146

Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23. We find Hawkins's sentence is not contrary to law and overrule his second assignment of error.

### C. Ineffective Assistance of Counsel

{¶ 28} In his third assignment of error, Hawkins argues that his counsel was ineffective for failing to request a competency hearing prior to the plea hearing. Specifically, Hawkins argues his mental health history provided a basis for a competency hearing. This assignment of error lacks merit.

{¶ 29} The Ohio Supreme Court has provided this standard for reviewing claims of ineffective assistance of counsel:

> Reversal of convictions for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984).

*State v. Linder*, 8th Dist. Cuyahoga No. 106600, 2018-Ohio-3951, ¶ 35, quoting *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, 767 N.E.2d 678, ¶ 109. To establish deficient performance, "a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation." (Citations omitted.) *State v. Bell*, 8th Dist. Cuyahoga No. 105000, 2017-Ohio-7168, ¶ 23. Further, prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

{¶ 30} The record indicates Hawkins had a history of mental illness, but nothing specifically demonstrates Hawkins was incompetent. A history of mental health illness is not equivalent to proof of incompetence:

> Incompetency is defined in Ohio as the defendant's inability to understand "* * * the nature and objective of the proceedings against him or of presently assisting in his defense." R.C. 2945.37(A). Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel.

*Bock*, 28 Ohio St.3d at 110, 502 N.E.2d 1016. Absent indicia of incompetence, the record does not support Hawkins's argument that defense counsel's failure to request a competency hearing fell below an objective standard of reasonable representation.

{¶ 31} Even if the failure to request a competency hearing was deficient, Hawkins cannot establish how a motion by defense counsel requesting a competency hearing would create a reasonable probability of a different outcome. Hawkins's argument that a competency hearing would have resulted in a transfer of his case to the mental health docket and that would have led to a different sentence than the one imposed is pure speculation.

{¶ 32} Because Hawkins is unable to meet either prong of the *Strickland* test, we cannot conclude that he received ineffective assistance of counsel. Therefore, Hawkins's third assignment of error is overruled.

{¶ 33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR