[Cite as *State v. Minifee*, 2019-Ohio-4464.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff-Appellee,        :

                                     No. 108331

      v.                          :

PATRICK A. MINIFEE,                     :

      Defendant-Appellant.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 31, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-562160-C

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Patrick A. Minifee, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant, Patrick A. Minifee,[1] pro se, appeals the trial court's judgment denying his "Motion to Vacate Void Plea." As an initial matter, we

---

[1] Appellant's name is spelled both as "Minifee" and "Minefee" in the record.

note that this appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *See, e.g., State v. Johnson*, 8th Dist. Cuyahoga No. 98594, 2013-Ohio-1788, ¶ 1.

## Substantive History and Procedural Background

{¶ 2} On April 26, 2012, off-duty Cleveland Police Officer Dwayne Borders exited his car at a private residence in Cleveland. Appellant, brandishing a pistol, approached the officer and attempted to rob him. The two exchanged shots. Officer Borders was shot in the back, and appellant was shot in the chest.

{¶ 3} Subsequently, appellant pleaded guilty to kidnapping, attempted murder, two counts of felonious assault, two counts of aggravated robbery, discharge of a firearm on or near prohibited premises, carrying concealed weapons, improperly handling firearms in a motor vehicle, and tampering with evidence.

{¶ 4} Under a plea agreement, the state recommended a prison sentence of 19½ years and appellant pleaded guilty to the charges. At the sentencing hearing, before the trial court imposed his sentence, appellant moved orally to withdraw his guilty plea. He alleged he was coerced into taking the plea deal by his attorney, his attorney only spent two weeks on his case and did not have sufficient time to prepare for trial, and he felt pressured by his attorney to enter the guilty plea. Appellant also requested that the trial court appoint new counsel. After considering his arguments, the trial court denied his motion to withdraw his plea and request for new counsel. The trial court sentenced appellant to the agreed prison term of 19½ years.

{¶ 5} In his direct appeal, *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, appellant claimed that his plea was not knowing, voluntary, or intelligent and the trial court should have allowed him to withdraw his plea. He argued specifically that the trial court failed to make a sufficient inquiry into whether he understood the nature of the attempted murder and kidnapping charges. Upon a review of the plea hearing transcript, this court determined that appellant understood the nature of the charges against him. Finding no merit to his claims, this court affirmed his convictions.

{¶ 6} Appellant then filed an application to reopen his appeal pursuant to App.R. 26(B). He argued that his appellate counsel was ineffective for not arguing that the aggravated robbery charges should have merged with the felonious assault charges as allied offenses. This court found no merit to his claim and denied his application for reopening. *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2014-Ohio-694.

{¶ 7} In 2017, appellant filed a petition for postconviction relief, arguing that attempted felony murder is not a cognizable crime in Ohio and therefore his sentence was void on that count. The trial court summarily denied his petition for postconviction relief. This court affirmed the trial court's judgment, explaining that while attempted felony murder is not a cognizable crime in the state, appellant was convicted of attempted murder, not attempted felony murder. *State v. Minefee*, 8th Dist. Cuyahoga No. 106139, 2018-Ohio-1408. In this appeal, appellant also argued (1) he lacked the requisite mens rea to commit attempted murder, and (2) mitigating

circumstances existed because the victim, an off-duty police officer, did not give a warning before shooting at him. This court found these arguments to have been waived because he did not raise these issues with the trial court in his petition, and also found the arguments to be barred by res judicata because these claims could have been raised in his direct appeal. *Id.* at ¶ 10.

## Instant Appeal

{¶ 8} On October 25, 2018, appellant filed a "motion to vacate void plea," alleging that the trial court proceeded to disposition without first holding a competency hearing. The state opposed the motion on the grounds that the claim was barred by res judicata and that appellant waived the competency issue by pleading guilty. The trial court denied appellant's motion. This appeal followed. He assigns the following error for our review:

> The trial court erred and rendered appellant's plea void when it proceeded to disposition without holding a competency hearing as required by statute in violation of state and federal constitution.

{¶ 9} The argument regarding the competency hearing is barred by res judicata because it could have been raised in his direct appeal. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 826 N.E.2d 824, ¶ 16-17. Even if we were to consider it, this claims lacks merit.

{¶ 10} We recognize that the conviction of a defendant who is not competent to enter a plea violates due process of law. *See State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 155. In this connection, R.C. 2945.37 provides that if a defendant raises the issue of competence before trial, the trial court must

conduct a hearing to determine whether the defendant is competent.[2]  Furthermore, the court must hold such a hearing within 30 days after the issue is raised, unless the defendant has been referred for evaluation, in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation.   R.C. 2945.37(C).

{¶ 11}  Here, the record reflects that, before the plea hearing, the trial court received the psychiatric reports from the Court Psychiatric Clinic on August 7, 2012. The reports determined appellant was sane at the time of his criminal offense and also found him to be competent to stand trial.  The record reflects a pretrial hearing regarding these reports within ten days on August 17, 2012.   At that hearing, appellant did not raise any issues regarding the reports' findings.  Three days later, the court held another pretrial hearing, and at this hearing, appellant's counsel

---

[2] R.C. 2945.37 states, in pertinent part:

(B) In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

***

(G) A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.

stated appellant objected to the reports. Counsel indicated he intended to pursue an independent psychiatric evaluation for appellant. The court continued the hearing for August 22, 2012. However, the record does not reflect any further proceedings on this issue. The docket next reflects that on September 18, 2018, the trial court held another pretrial hearing in which appellant's counsel reported to the court that he had discussed the plea deal offered by the state with appellant, and counsel briefly referred to the finding of the psychiatric evaluation that appellant was competent to stand trial.

{¶ 12} The standard for determining competence to enter a guilty plea is the same as the standard for determining competence to stand trial. *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 57. When evaluating a defendant's competency, the trial court is to determine whether the defendant "'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. (Internal quotations omitted.)'" *Id.* at ¶ 57, quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). "A defendant is presumed to be competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he is not competent." *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 45, citing R.C. 2945.37(G) and *State v. Jordan*, 101 Ohio St.3d 216, 2004-Ohio-783, 804 N.E.2d 1, ¶ 28. *See also State v. Pigge*, 4th Dist. Ross No.

09CA3136, 2010-Ohio-6541, ¶ 28 (a defendant is presumed competent to enter a guilty plea in the absence of any evidence rebutting the presumption).

{¶ 13} Here, the transcript reflects that at the September 18, 2012 pretrial hearing, appellant asked the trial court for additional time to consider the state's plea offer and he also tried to negotiate the recommended sentence under the plea agreement from 19½ years to 15 years. During the plea hearing, he actively engaged in the plea colloquy, asking the court if the attempted murder count could be omitted under the plea deal so that he could be eligible for certain prison programs.

{¶ 14} Therefore, the record demonstrates appellant understood the proceedings against him, and appellant has presented no evidence to rebut the presumption of his competence. Indeed, the psychiatric evaluation had determined that appellant was competent to stand trial. Although he initially objected to the reports and expressed a desire to seek an independent evaluation, he never submitted such a report. As this court noted in *State v. Smith*, 8th Dist. Cuyahoga No. 95505, 2011-Ohio-2400, ¶ 5, the competency issue is one that can be waived by the parties and a hearing is not required in all situations, only those where the competency issue is raised and maintained.

{¶ 15} The right to a competency hearing is constitutionally guaranteed only when the record contains sufficient indicia of incompetence. *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). There was no indication of incompetence in the record before us. Appellant's assignment of error is without merit even if it is not barred by res judicata.

**{¶ 16}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
RAYMOND C. HEADEN, J., CONCUR