[Cite as *State v. Finley*, 2024-Ohio-1058.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,     :

                                                        No. 112889

    v.                                  :

RAYMERE FINLEY,                :

    Defendant-Appellant.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 21, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-670337-B, CR-22-673196-A, CR-22-673817-A, CR-22-673818-A
and CR-22-674160-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carl M. Felice, Assistant Prosecuting Attorney, *for appellee.*

Wegman Hessler Valore and Dean M. Valore, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Raymere Finley, appeals his convictions and sentences after entering guilty pleas to ten offenses, including murder, across five cases. He argues that the trial court should have sua sponte ordered a competency

hearing for him before accepting his pleas. He further asserts that the indefinite-sentencing statutory scheme implemented by the Reagan Tokes Law is unconstitutional.

{¶ 2} For the reasons that follow, we affirm.

## I.    Factual Background and Procedural History

{¶ 3} The offenses leading to the five cases at issue in this appeal occurred over a period of roughly a month and a half. The cases were indicted separately but Finley entered his pleas at a single hearing and his sentences were imposed at a single hearing. For clarity and ease of reading, we summarize the offenses and sentences in each case before detailing the joint change-of-plea and sentencing hearings. We summarize the cases chronologically based on the date the offenses occurred.

### A. Cuyahoga C.P. No. CR-22-673196-A (Grand Theft)

{¶ 4} According to the state, on March 18, 2022, Finley was staying at a friend's house and stole a Glock 23 handgun from the home. Finley sold the handgun the same day and it has not been recovered. On August 11, 2022, a Cuyahoga County Grand Jury returned an indictment charging Finley with grand theft and petty theft.

{¶ 5} Pursuant to a plea agreement with the state, Finley pleaded guilty to grand theft in violation of R.C. 2913.02(A)(1). The offense was a third-degree felony because the property involved was a firearm. R.C. 2913.02(A)(4). The state dismissed the second count through a nolle prosequi.

{¶ 6} The trial court sentenced Finley to two years in prison for the offense and ran this sentence concurrently[1] with those in Cuyahoga C.P. Nos. CR-22-673817 and CR-22-670337; it ran the sentence consecutively to those in Cuyahoga C.P. Nos. CR-22-674160 and CR-22-673818. Finley received 247 days of jail-time credit.

**B. Cuyahoga C.P. No. CR-22-673818-A (Murder)**

{¶ 7} Finley shot Saif Aldeen Afaneh Adnan to death on March 30, 2022, on Riverbed Street in The Flats. On August 31, 2022, a Grand Jury indicted Finley in a multicount indictment charging aggravated murder and other offenses.

{¶ 8} According to the state, Afaneh drove Finley to the area at approximately 10:30 p.m. on March 29, 2022. The two parked in a parking spot and "share[d] what appear[ed] to be some sort of cigarette or marijuana blunt," then drove away together. They drove around the west side of Cleveland for an hour and a half, then returned to the same parking spot at approximately 11:50 p.m. Just after midnight on March 30 — while Finley and Afaneh were seated inside the parked car — Finley shot Afaneh twice in the head, killing him. Finley then opened the front driver's side door and pushed Afaneh's body out of the car. Finley moved to the driver's seat and attempted to put the car in reverse. Unsuccessful, Finley had to open the driver's door and move Afaneh farther away from the vehicle. Finley then drove away in Afaneh's car, which was found "torched" within a day.

---

[1] The state did not appeal any aspect of the trial court's sentences in these cases.

{¶ 9} Pursuant to the plea agreement, the state amended the indictment and Finley pleaded guilty to (1) murder in violation of R.C. 2903.02 with a three-year firearm specification under R.C. 2941.145 and a notice-of-prior-conviction specification under R.C. 2941.149; (2) aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1) with a notice-of-prior-conviction specification; (3) having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(2) and (4) gross abuse of a corpse, a fifth-degree felony in violation of R.C. 2927.01(B). The state dismissed the remaining charges and specifications through a nolle prosequi.

{¶ 10} The trial court sentenced Finley to (1) a three-year term of imprisonment on the firearm specification, to be served prior and consecutive to a 15-years-to-life sentence for murder; (2) an indefinite sentence with a minimum of eight years and a maximum of 12 years for aggravated robbery; (3) two years in prison for having weapons while under disability and (4) nine months in prison for gross abuse of a corpse. The court ran the sentences concurrently with each other and concurrently with those in Cuyahoga C.P. Nos. CR-22-673817 and CR-22-670337; it ran the sentences consecutively to those in Cuyahoga C.P. Nos. CR-22-673196 and CR-22-674160. Finley received 247 days of jail-time credit.

### C. Cuyahoga C.P. No. CR-22-673817-A (Attempted Felonious Assault)

{¶ 11} The state related to the trial court that, on April 28, 2022, Finley shot "at several people after what appears to be some sort of a drug deal at West 93rd

Street." On August 30, 2022, a grand jury indicted Finley on charges of attempted murder and felonious assault.

{¶ 12} Pursuant to the plea agreement, the state amended the indictment and Finley pleaded guilty to "attempted felonious assault," ostensibly a third-degree felony violation of R.C. 2923.02 and 2903.11(A)(2).[2] The state dismissed all the specifications and the remaining charge through a nolle prosequi.

{¶ 13} The trial court sentenced Finley to two years in prison on the offense, to be served concurrently with the sentences imposed in his other cases. Finley received 247 days of jail-time credit.

### D. Cuyahoga C.P. No. CR-22-674160-B (Aggravated Robbery)

{¶ 14} According to the state, on April 30, 2022, Finley robbed a woman outside the CVS store located at the intersection of Clifton Boulevard and West 117th Street in Lakewood, Ohio. On September 13, 2022, a Cuyahoga County Grand Jury indicted Finley on charges including aggravated robbery with various specifications.

{¶ 15} Finley and another person were parked at the CVS in the early morning hours of April 30. An elderly woman who picked up her medication at the CVS that morning walked out of the store and Finley pointed a firearm at her and

---

[2] This court has previously explained that "this use of the 'attempt statute,' R.C. 2923.02, for crimes like felonious assault, which already contains an 'attempt to cause physical harm to another' within the elements of the offense, is not a cognizable offense in Ohio." *State v. Wooden*, 8th Dist. Cuyahoga No. 110340, 2022-Ohio-814, ¶ 17 (collecting cases and discussing how this court has repeatedly treated the issue as invited error where a defendant knowingly, intelligently and voluntarily pleads guilty to the nonexistent offense pursuant to a plea agreement). No party raises this issue as error in this appeal.

robbed her. Finley was arrested several days later and was found to be in possession of the firearm used in the April 28 shooting on West 93rd Street.

{¶ 16} Pursuant to the plea agreement, the state amended the indictment and Finley pleaded guilty to one count of aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1) with a notice-of-prior-conviction specification under R.C. 2941.149 and a forfeiture specification under R.C. 2941.1417 (Finley agreed to forfeit a 2008 Ford Focus). The remaining charges and specifications were dismissed through a nolle prosequi.

{¶ 17} The trial court sentenced Finley to an indefinite sentence with a minimum of five years and a maximum of 7.5 years. The court ran this sentence concurrently with those in Cuyahoga C.P. Nos. CR-22-673817 and CR-22-670337; it ran the sentence consecutively to those imposed in Cuyahoga C.P. Nos. CR-22-673818 and CR-22-673196. Finley received 247 days of jail-time credit.

### E. Cuyahoga C.P. No. CR-22-670337-B (Drug Possession)

{¶ 18} On July 22, 2022, a Grand Jury returned a six-count indictment charging Finley with drug and firearm offenses. The charges stemmed from Finley's arrest on May 5, 2022.

{¶ 19} Pursuant to the plea agreement, the state amended the indictment and Finley pleaded guilty to two counts of drug possession in violation of R.C. 2925.11(A) — one offense a third-degree felony and the other a fifth-degree felony — and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony. Finley pleaded guilty to a forfeiture

specification as well, agreeing to forfeit a handgun, a magazine and ammunition. The state dismissed the remaining counts and specifications in the indictment through a nolle prosequi.

{¶ 20} The trial court sentenced Finley to two years in prison on each of the drug-possession counts and to nine months on the having-weapons-while-under-disability count. The court imposed the sentences concurrently, for a stated prison term of two years. It ran these sentences concurrently with his other cases. Finley received 259 days of jail-time credit.

### F. Change-of-Plea Hearing

{¶ 21} The court held a change-of-plea hearing in all five cases on April 17, 2023. After the parties outlined the plea agreement, the trial court engaged in a Crim.R. 11 plea colloquy with Finley.

{¶ 22} Finley stated that he is 25 years old and only went as far in school as the ninth grade. He reported that he had been diagnosed with schizophrenia. He answered the court's questions appropriately as the court explained his constitutional rights and the potential penalties for the offenses to which he would be pleading guilty. The trial court found that Finley "is making a knowing, intelligent and voluntary decision" to change his plea. It accepted his guilty pleas as summarized above and found him guilty.

## G. Sentencing and Appeal

{¶ 23} The trial court held a sentencing hearing in all five cases on May 22, 2023. The state addressed the court and described the facts of each case, as summarized above. Afaneh's brother addressed the court.

{¶ 24} The defense addressed the court in mitigation and related the following facts: Finley does not know his father. His mother suffered from "drug and mental health issues" and abandoned Finley when he was three years old, leaving him with an uncle who "was disabled, developmentally delayed and blind." Finley lived with this uncle for two years, after which time he lived with an aunt. He lived in her home along with ten other children; the number of kids meant that "children in that household did not get the attention that [they] needed." The children essentially raised themselves, with Finley "basically rais[ing]" a younger cousin. Finley began using illegal drugs when he was 11 years old. Between the ages of 17 and 23, he was incarcerated. After his release, he was "essentially homeless." He and his then-girlfriend continued using illegal drugs; Finley had to revive his girlfriend multiple times using Narcan and has attempted suicide multiple times.

{¶ 25} The defense described the circumstances of these cases as a "tragedy" for Finley's victims and for Finley himself. Counsel advocated as follows:

> So I see this series of offenses as just a long suicide attempt. He really doesn't care about his life. He doesn't have the opportunities to like get up on his feet. * * * [Postrelease control] didn't help him with his mental health. PRC didn't help him with his drug addiction. It didn't just miraculously disappear during the six years he was institutionalized.

{¶ 26} Defense counsel asked for a combination of minimum sentences that would aggregate to a term of life in prison with the opportunity for parole after 18 years.

{¶ 27} Finley addressed the court, apologizing "from the bottom of my heart" to Afaneh's family and acknowledging that "[t]here's nothing that I can say that will bring your brother or son back."

{¶ 28} The trial court then announced its sentences in each of the five cases, as summarized above. The court ran the sentences in the drug-possession case (Cuyahoga C.P. No. CR-22-670337) and the attempted-felonious-assault case (No. CR-22-673817) concurrently with the sentences imposed in the other matters. It ran the remaining sentences consecutively: the 2-year definite sentence for grand theft (No. CR-22-673196), the indefinite sentence of 5 to 7.5 years for aggravated robbery (No. CR-22-674160) and the 3-year firearm term and 15-years-to-life sentence for murder (No. CR-22-673818).

{¶ 29} Finley appealed, raising the following assignments of error for review:

> First Assignment of Error: Appellant's plea must be vacated because it was not made knowingly, voluntarily, and intelligently in derogation of Appellant's right to due process.
>
> Second Assignment of Error: Appellant was denied effective assistance of counsel.
>
> Third Assignment of Error: The Reagan-Tokes Law is unconstitutional on its face.

## II. Law and Analysis

### A. First Assignment of Error

{¶ 30} Finley argues that the trial court should have ordered a competency evaluation, sua sponte, before accepting Finley's guilty plea. He asserts that several facts in the record call his competency into question: He had been diagnosed with schizophrenia and has attempted suicide "multiple times." His mother suffered from drug addiction and had "mental health issues of her own," and she abandoned Finley when he was three years old. He has a history of drug abuse, incarceration and homelessness. He also asserts that the very nature of the offenses reflects behavior that "was highly irrational further calling into question his mental condition."

{¶ 31} In light of these facts, Finley claims that the trial court denied him due process of law by accepting his guilty pleas without first establishing his competence. He asks this court to vacate his pleas and remand the matter to the trial court for a competency evaluation.

{¶ 32} The state responds that most of the facts upon which Finley relies were only brought to the trial court's attention at sentencing (i.e., after the change-of-plea hearing). The state further asserts that Finley indicated he "understood all of the information presented to him at the plea hearing" and answered the court's questions "with ease," showing that he understood and voluntarily entered his pleas. Finally, the state points out that Finley never raised the issue of competency in the trial court.

{¶ 33} The conviction of a defendant who is not competent to enter a plea violates due process of law. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 155, citing *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) ("It has long been accepted that a person [who] lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."), and *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995) ("Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial."). The competence required to enter a guilty plea is the same as the competence required to stand trial. *State v. Minifee*, 8th Dist. Cuyahoga No. 108331, 2019-Ohio-4464, ¶ 12, citing *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 57; *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 56. The defendant must have "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding'" and must have "'a rational as well as factual understanding of the proceedings against him.'" *Montgomery* at ¶ 56, quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Minifee* at ¶ 12.

{¶ 34} R.C. 2945.37 and 2945.371 set forth procedures for a trial court to follow in conducting competency evaluations and making competency determinations. A defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that the defendant is incapable of understanding the nature and objective of the proceedings against them or of assisting in their

defense. R.C. 2945.37(G); *see also State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 45 ("A defendant is presumed to be competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he is not competent."); *State v. Collins*, 4th Dist. Lawrence No. 18CA11, 2019-Ohio-3428, ¶ 8 ("'[I]n the absence of evidence to the contrary, a criminal defendant is rebuttably presumed competent to enter a guilty plea.'"), quoting *State v. Pigge*, 4th Dist. Ross No. 09CA3136, 2010-Ohio-6541, ¶ 28.

{¶ 35} Trial courts must hold a competency hearing when the issue is raised before trial and a court may raise the issue, sua sponte. R.C. 2945.37. However, the right to a competency hearing is constitutionally guaranteed only where the record contains "sufficient indicia of incompetence" "such that inquiry into the defendant's competence is necessary to ensure the defendant's right to a fair trial." *Berry*, 72 Ohio St.3d at 359, 650 N.E.2d 433; *see also Minifee*, 2019-Ohio-4464, at ¶ 15.

{¶ 36} Here, after a careful review, we conclude that the record does not contain sufficient indicia of incompetence to hold that the trial court denied Finley due process when it declined to sua sponte order a competency hearing.

{¶ 37} Finley reported a previous diagnosis of schizophrenia, has a history of substance abuse and homelessness and did not complete high school. However, "'[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity.'" *State v. Vrabel*, 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, ¶ 29, quoting *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986). A trial court may not find a defendant incompetent to stand trial or

plead guilty solely because he suffers from a mental illness. *E.g.*, *State v. McMillan*, 2017-Ohio-8872, 100 N.E.3d 1222, ¶ 29 (8th Dist.). A defendant suffering from an emotional or mental disability may still possess the ability to understand the charges and proceedings against them and be able to assist in their defense. *See, e.g.*, *Vrabel* at ¶ 29; *Bock* at ¶ 17. "'[A] defendant's emotional or mental instability does not establish incompetence for the purpose of negating a plea, which was otherwise voluntarily, knowingly, and intelligently made.'" *State v. Hawkins*, 8th Dist. Cuyahoga No. 108057, 2019-Ohio-4162, ¶ 17, quoting *State v. Prettyman*, 8th Dist. Cuyahoga No. 79291, 2002-Ohio-1096; *see also State v. Walker*, 8th Dist. Cuyahoga No. 65794, 1994 Ohio App. LEXIS 4450, 5 (Sept. 29, 1994); *State v. Swift*, 86 Ohio App.3d 407, 411, 621 N.E.2d 513 (11th Dist.1993) (defendant suffering from depression was competent to enter guilty plea).

{¶ 38} Clearly, the record would have benefitted from further inquiry by the trial court during the plea colloquy after Finley reported his schizophrenia diagnosis. *Compare State v. Elliott*, 8th Dist. Cuyahoga No. 102226, 2015-Ohio-3766, ¶ 23 (trial court inquired into symptoms of mental illness, which did not indicate an inability to understand the charges or assist counsel); *cf. State v. Hough*, 169 Ohio St.3d 769, 2022-Ohio-4436, 207 N.E.3d 788, ¶ 29-31 (lead opinion) (stating that mental-health diagnoses are relevant and should be considered with any other evidence that may indicate incompetency). But Finley answered the trial court's questions during the colloquy appropriately and without any signs of confusion or misunderstanding. Nothing in the record demonstrates that he was struggling to

understand what was occurring at the plea hearing so as to put the trial court on notice that a competency evaluation was warranted. The record does not reflect anything out of the ordinary in Finley's behavior and demeanor in the courtroom, and his counsel at no point suggested that he was unable to assist in his defense. *See Elliott* at ¶ 23.

{¶ 39} Under these circumstances, we cannot say that the record contains sufficient indicia of incompetence to hold that the trial court denied Finley due process when it accepted his guilty pleas without sua sponte ordering a competency hearing.

{¶ 40} We, therefore, overrule Finley's first assignment of error.

## B. Second Assignment of Error

{¶ 41} A criminal defendant has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While "[a] claim of ineffective assistance of counsel is generally waived by a guilty plea," a defendant retains the ability to argue that "the ineffective assistance of counsel caused the defendant's plea to be less than knowing and voluntary." *See State v. Slater*, 8th Dist. Cuyahoga No. 111536, 2023-Ohio-608, ¶ 55 (collecting cases). Here, Finley contends that his trial counsel was ineffective for failing to "raise the issue of competency, enter a plea of 'Not Guilty by Reason of Insanity,' or present any expert witnesses or medical reports to the court." He argues that "his history and diagnosis raise a substantial likelihood that upon proper consideration of the issues Appellant may be found to be incompetent or to have been not guilty

by reason of insanity." We review the argument to the extent that it contends that Finley's guilty plea was less than knowing and voluntary by reason of incompetence left undetected by defense counsels' decision not to raise the issue.

{¶ 42} The state responds that defense counsel's decision not to raise the issue of competency constituted reasonable representation. It asserts that raising the issue would have been fruitless because "the record here does not contain any indication that Appellant was not capable of pleading guilty."

{¶ 43} In evaluating counsel's performance on a claim of ineffective assistance of counsel, the court must give great deference to counsel's performance and "indulge a strong presumption" that counsel's performance "falls within the wide range of reasonable professional assistance." *Strickland* at 689; *see also State v. Powell*, 2019-Ohio-4345, 134 N.E.3d 1270, ¶ 69 (8th Dist.) ("'A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"), quoting *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69.

{¶ 44} As discussed above, there is no evidence in the record from which it could be found that Finley was incompetent at the time he entered his guilty pleas. Finley has therefore not shown that defense counsel was deficient in failing to raise the issue of competency prior to the change-of-plea hearing. *See, e.g., Hawkins*, 2019-Ohio-4162, at ¶ 30−32 ("Absent indicia of incompetence," defendant could not establish that defense counsel's failure to request a competency hearing fell below an objective standard of reasonable representation or would create a reasonable

probability of a different outcome). Based on this record, it is purely speculative that Finley would have been found incompetent if counsel had raised the issue, such that the trial court would have declined to accept his guilty pleas. *See id.* ("Absent indicia of incompetence," defendant's argument that a competency hearing would have resulted in a transfer of his case to the mental-health docket and would have led to a different outcome was "pure speculation" that could not support an ineffective-assistance-of-counsel claim).

{¶ 45} We, therefore, overrule Finley's second assignment of error.

## C. Third Assignment of Error

{¶ 46} Finley contends that the trial court erred in sentencing him to an indefinite sentence under the Reagan Tokes Law. Under the Reagan Tokes Law, qualifying first- and second-degree felonies committed on or after March 22, 2019 are subject to the imposition of indefinite sentences. *See* 2018 Am.Sub.S.B. No. 201, effective Mar. 22, 2019. Finley contends that the Reagan Tokes Law violates his constitutional right to a trial by jury, the separation-of-powers doctrine and due process.

{¶ 47} The arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the Ohio Supreme Court's decision in *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535. Accordingly, pursuant to *Hacker*, we overrule Finley's third assignment of error.

## III. Conclusion

{¶ 48} Having overruled Finley's assignments of error for the reasons stated above, we affirm.

It is ordered that the appellee recover from the appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR